THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVIS FAMILY LODGING, LLC d/b/a BLUE MOUNTAIN HORSEHEAD INN,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OF REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Case No. 4:20-cv-00133-JNP-PK<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Paul Kohler |

This case involves a dispute regarding insurance coverage for alleged storm damages to the Blue Mountain Horsehead Inn in Monticello, Utah (the "Inn").[1] Plaintiff Davis Family Lodging, LLC d/b/a Blue Mountain Horsehead Inn ("Davis Family Lodging") owns the Inn and asserted a claim under a businessowner's insurance policy issued by Defendant State Farm Fire and Casualty Company ("State Farm").[2] Davis Family Lodging subsequently initiated this case in Utah state court, alleging that State Farm failed to properly investigate and cover the claim in breach of the insurance policy and in breach of the duty of good faith and fair dealing.[3]

State Farm timely removed the case to the United States District Court, District of Utah on grounds of diversity jurisdiction.[4] State Farm subsequently sought summary judgment

---

[1] Complaint ¶¶ 5-12 at 2, docket no. 2-2, filed Dec. 7, 2020.

[2] *Id*. ¶¶ 5-9 at 2.

[3] *Id*. ¶¶ 10-27 at 2-4.

[4] Petition for Removal at 1-2, docket no. 2, filed Dec. 7, 2020.

("Motion for Summary Judgment"), arguing that Davis Family Lodging lacks standing because it assigned its claims to Solar Roofing, LLC OBA Southam Roofing ("Southam Roofing").[5]

The Undisputed Material Facts demonstrate that Davis Family Lodging has assigned its claims and benefits under the insurance policy to Southam Roofing. As a matter of law, Davis Family Lodging is not a real party in interest and lacks standing to maintain the claims against State Farm in this case. Therefore, because the case was removed from state court and subject matter jurisdiction is lacking for the absence of Davis Family Lodging's standing, remand to the state court is mandatory.

## UNDISPUTED MATERIAL FACTS

1. State Farm insured Davis Family Lodging under policy number 94-BG-A919-7 for the policy period of November 1, 2019, to November 1, 2020.[6]

2. Davis Family Lodging made a claim to State Farm under the policy for hail damage to the Inn.[7]

3. The date of loss claimed by Davis Family Lodging was June 6, 2020.[8]

4. On August 4, 2020, Jason Davis, as an owner Davis Family Lodging and of the Inn, signed a document titled "ASSIGNMENT OF INSURANCE BENEFITS AND INSURANCE CLAIM FROM PROPERTY OWNER TO CONTRACTOR," which included the following:

---

[5] Defendant's Motion for Summary Judgment ("Motion for Summary Judgment") at 2, 6-7, docket no. 19, filed Oct. 11, 2021. State Farm also argues that Davis Family Lodging cannot present sufficient evidence to support its breach of good faith and fair dealing claim. *Id*. at 2, 7-16. This argument is not address because the Motion for Summary Judgment is resolved on the threshold jurisdictional issue of standing.

[6] Renewal Declarations at DEF000001, docket no. 19-1, filed Oct. 11, 2021.

[7] Complaint ¶ 9 at 2.

[8] Opposition to Defendant's Motion for Summary Judgment ("Response") at Exhibit A ¶ 4, docket no. 23, filed Nov. 8, 2021.

> For good and valuable consideration received, including the fact that Solar Roofing, LLC OBA Southam Roofing ("Contractor") will relieve the Property Owner from, the time and expertise necessary in dealing with their insurance company, and the Contractor performing work, . . . agrees to transfer and assign to Contractor all of Property Owner's rights, interest and benefits in the insurance claim(s) under Property Owner's insurance policy . . . .
>
> ***
>
> Since Contractor has agreed to undertake the responsibility for coordinating with the Property Owner's insurance company, including bearing all the cost to employ legal counsel to assist in the recovery of the insurance proceeds, this Assignment covers insurance proceeds for all contractual and extra-contractual damages.[9]

5. On November 25, 2020, Davis Family Lodging filed this action, alleging (1) "Breach of Contract" and (2) "Breach of Duty of Good Faith and Fair Dealing."[10]

6. The only damages being sought in this action are those listed in Plaintiff's Rule 26 disclosures, which are the cost of repairs, a public adjuster fee (12% of the cost of repairs), and a 35% attorney's fee.[11]

7. The deadline to amend pleadings and to add parties was March 15, 2021.[12]

8. Fact discovery closed on August 30, 2021.[13]

9. Plaintiff's deadline to disclose experts was September 30, 2021.[14]

---

[9] Deposition of Jason Davis taken June 22, 2021 ("Davis Deposition") at 33:3-10, 22, Exhibit G, docket no. 19-5, filed Oct. 11, 2021.

[10] Complaint ¶¶ 13-27 at 2-4.

[11] Davis Deposition at 32:7-33:2, Exhibit F § 3.

[12] Scheduling Order ¶ 3 at 3, docket no. 13, filed Feb. 8, 2021.

[13] *Id.* ¶ 2.j. at 2.

[14] *Id.* ¶ 4.a. at 3.

**DISCUSSION**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact.[16] Once the movant has met this burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[17] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way"[18] or "if a reasonable jury could return a verdict for the nonmoving party."[19] When applying the summary judgment standard, courts must "view the evidence and make all reasonable inferences in the light most favorable to the nonmoving party."[20]

    **I.    Davis Family Lodging is not the real party in interest and lacks standing to maintain the claims against State Farm in this case**

State Farm argues that summary judgment is appropriate because Davis Family Lodging lacks standing to pursue the claims in this case based on Davis Family Lodging's assignment of claims to Southam Roofing.[21] "Standing is a jurisdictional issue that may be raised . . . at any time."[22] Whether a party has "standing is a question of law."[23] And "[a] party who seeks to

---

[15] FED. R. CIV. P. 56(a).

[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted).

[18] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[19] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (internal quotations omitted).

[20] *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008).

[21] Motion for Summary Judgment at 2, 6-7.

[22] *Buchwald v. Univ. of N.M. Sch. Of Med.*, 159 F.3d 487, 492 (10th Cir. 1998) (quotation omitted).

[23] *Comm. To Save the Rio Hondo v. Lucero*, 102 F.3d 445, 447 (10th Cir. 1996).

invoke federal jurisdiction bears the burden of establishing that such jurisdiction[, including the party's standing,] is proper."[24]

To establish standing under Article III of the Constitution, "a plaintiff must have (1) 'suffered an injury in fact,' (2) that is 'fairly traceable to the challenged action of the defendant,' and (3) that is likely to be 'redressed by a favorable decision.'"[25] "These requirements ensure that 'the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [the plaintiff's] invocation of federal-court jurisdiction.'"[26]

Determination of whether Davis Family Lodging has standing to pursue the claims in this case turns on whether Davis Family Lodging is a real party in interest. FED. R. CIV. P. 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest."[27] "In diversity cases, a federal district court must examine the substantive law of the state in which it is located to determine whether a plaintiff is the real party in interest."[28] And "the issue of whether an assignor or an assignee of an assigned claim or right is the real party in interest—giving [the plaintiff] the right to maintain an action on the claim or right—is determined by reference to the substantive law of the state in which the federal court sits."[29]

Under Utah law, "[w]here an account, claim, interest, or debt has been effectively assigned, the general rule is that an assignee is the real party in interest."[30] Therefore, if Davis

---

[24] *Michelson v. Enrich Intern, Inc.*, 6 Fed. App'x 712, 716 (10th Cir. 2001) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[25] *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022) (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)).

[26] *Id*. (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

[27] FED. R. CIV. P. 17(a)(1).

[28] *Michelson*, 6 Fed. App'x at 716 (citing *Swanson v. Bixler*, 750 F.2d 810, 813, (10th Cir. 1984)).

[29] *Id*. (citing *Hoeppner Constr. Co. v. United States*, 287 F.2d 108, 111 (10th Cir. 1960)).

[30] *Id*. at 716-17 (citing Utah R. Civ. P. 17(a); *Lynch v. MacDonald*, 367 P.2d 464, 468 (Utah 1962); *Empire Land Title, Inc. v. Weyerhaeuser Mortg. Co.*, 797 P.2d 467, 470 (Utah Ct. App. 1990)).

Family Lodging entered a valid assignment with Southam Roofing prior to commencing the case, Davis Family Lodging is not a real party in interest. This is because following a valid assignment of all claims and benefits to Southam Roofing, Davis Family Lodging would not retain any interest in those claims and benefits.[31] And Davis Family Lodging would be unable to establish that it "suffered an injury in fact related to the loss . . . or that a favorable decision would redress any injury to [it]" for purposes of standing.[32]

Davis Family Lodging does not dispute that it entered an assignment with Southam Roofing regarding all claims and benefits in this case.[33] Nor does Davis Family Lodging argue that it remains a real party in interest and has standing despite a valid assignment to Southam Roofing. Instead, Davis Family Lodging argues that State Farm waived its ability to challenge Davis Family Lodging as the real party in interest.[34] Davis Family Lodging also argues that its assignment to Southam Roofing is void because the assignment violates Utah's Insured Homeowners Protection Act and because State Farm did not consent to the assignment as required under the insurance policy.[35] Davis Family Lodging's arguments are not supported by the record evidence and lack merit.

---

[31] *Id.*; *see also Williams v. Am. Fam. Mut. Ins. Co.*, No. 19-cv-02694-REB-NRN, 2021 WL 1192947, *2 (D. Colo. Mar. 30, 2021).

[32] *Michelson*, 6 Fed. App'x at 718; *see also Williams*, 2021 WL 112947, *2; *House of Europe Funding I, Ltd. v. Wells Fargo Bank, NA*, No. 12 Civ. 519 (RJS), 2014 WL 1383703, *16 (S.D. N.Y. Mar. 31, 2014) ("A party that has assigned away its rights under a contract lacks standing to sue for breach of that contract.").

[33] *Supra* Undisputed Material Facts ¶ 4 at 3.

[34] Response at 6-7.

[35] *Id.* at 3-6.

A.   **State Farm did not waive its right to challenge Davis Family Lodging as a real party in interest**

Davis Family Lodging is correct that a real party in interest defense should be raised "in timely fashion or it may be deemed waived."[36] But where the defense implicates a plaintiff's standing, the defense may be raised at any time. This is because "standing is a prerequisite to subject matter jurisdiction[,]"[37] and subject matter jurisdiction cannot be waived.[38] Because Davis Family Lodging's assignment to Southam Roofing implicates Davis Family Lodging's standing to pursue the claims against State Farm in this case, the real party in interest defense is not waived.

Regardless, State Farm did not unreasonably delay raising the issue. Davis Family Lodging disclosed the Southam Roofing assignment to State Farm with its Initial Disclosures on February 24, 2021.[39] State Farm did not expressly refer to a real party in interest defense when it filed its Answer on April 30, 2021. But State Farm did raise a failure to state a claim for relief defense,[40] and State Farm reserved the right to supplement and add additional defenses as discovery proceeded.[41] State Farm then diligently inquired about the assignment in discovery when deposing Davis Family Lodging's owner, Jason Davis, on June 22, 2021,[42] and on July 26, 2021, when deposing Stefanie Roddick,[43] who signed the assignment on behalf of Southam

---

[36] *Audio-Visual Mktg. Corp. v. Omni Corp.*, 545 F.2d 715, 719 (10th Cir. 1976); *see also Hefley v. Jones*, 687 F.2d 1383, 1388 (10th Cir. 1982).

[37] *Rivera v. Internal Revenue Serv.*, 708 Fed. App'x 508, 513 (10th Cir. 2017) (citing *United States v. Ramos*, 695 F.3d 1035, 1046 (10th Cir. 2012)).

[38] *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).

[39] Davis Deposition at Exhibit F § 2, Exhibit G.

[40] Answer and Jury Demand ("Answer") at 1, docket no. 17, filed Apr. 30, 2021.

[41] *Id*. at 6.

[42] Davis Deposition at 33:3-22.

[43] Deposition of Stefanie Roddick taken July 26, 2021 ("Roddick Deposition") at 48:15-49:10, docket no. 24-1, filed Nov. 17, 2021.

Roofing.[44] And State Farm promptly raised its challenge to Davis Family Lodging as a real party in interest less than three months later when it filed its Motion for Summary Judgment. This all occurred less than eight months after the assignment's disclosure.

This is not the case of a defendant with knowledge of facts to support a real party in interest defense waiting until the eve of trial to raise the defense.[45] State Farm filed its Motion for Summary Judgment over three months before the dispositive motion deadline,[46] and over eight months prior to the scheduled trial.[47] At that time, deadlines had passed for amending pleadings and adding parties, for fact discovery, and for Davis Family Lodging's expert disclosures.[48] But the parties have stipulated to amended scheduling orders five times since the Motion for Summary Judgment's filing.[49] Despite the real party in interest defense being raised,[50] and Davis Family Lodging asserting that it was actively seeking Southam Roofing's ratification or joinder,[51] the parties did not seek to modify these expired deadlines. The dispositive motion deadline is now set for November 29, 2022,[52] and trial is now set to begin on April 24, 2023.[53]

---

[44] Davis Deposition at Exhibit G.

[45] *Compare with Hefley*, 687 F.2d at 1388 (trial court was within its discretion in refusing to permit a party to raise a real party in interest defense for the first time sixteen days prior to trial); *Audio-Visual Mktg. Corp.*, 545 F.2d at 719 (trial court properly rejected a party's attempt to raise a real party in interest defense for the first time after trial had commenced).

[46] Scheduling Order ¶ 5.b. at 3.

[47] *Id*. ¶ 7.f.i. at 4.

[48] *Supra* Undisputed Material Facts ¶¶ 7-9 at 4.

[49] Amended Scheduling Order, docket no. 22, filed Oct. 29, 2021; Second Amended Scheduling Order, docket no. 31, filed Dec. 9, 2021; Third Amended Scheduling Order, docket no. 41, filed Jan. 10, 2022; Fourth Amended Scheduling Order, docket no. 43, filed Mar. 4, 2022; Fifth Amended Scheduling Order, docket no. 47, filed June 1, 2022.

[50] Motion for Summary Judgment at 6-7.

[51] Response at 7-8.

[52] Fifth Amended Scheduling Order ¶ 5.b. at 3.

[53] *Id*. ¶ 7.f.ii. at 3.

On this record, State Farm did not unreasonably delay raising its challenge to Davis Family Lodging as the real party in interest. State Farm's ability to challenge Davis Family Lodging as a real party in interest is not waived.

**B.     The Southam Roofing assignment is not void for violation of Utah's Insured Homeowners Protection Act**

Davis Family Lodging argues that the Southam Roofing assignment is void because the assignment violates Utah's Insured Homeowners Protection Act.[54] This Act requires inclusion of specific provisions and language in a post-loss assignment of rights or benefits to a "residential contractor under a property and casualty insurance policy insuring a residential building[.]"[55] "Residential contractor" is defined as:

> [A] person that, for compensation, other than wages as an employee, contracts or offers to contract to: (a) perform repair work on a residential building; (b) arrange for, manage, or process repair work on a residential building; or (c) serve as a representative, agent, or assignee of the owner or possessor of a residential building for purposes of repair work on the residential building.[56]

And "residential building" is defined as "a single or multiple family dwelling of up to four units."[57]

Davis Family Lodging provides no evidence demonstrating that the Act applies to the Southam Roofing assignment. Davis Family Lodging asserts that its claims involve a residential building, but it offers no evidence to support this assertion.[58] The assertion is also contradicted by the undisputed material facts that the insurance claim Davis Family Lodging made to State

---

[54] Response at 3-6.

[55] Utah Code Ann. § 13-50-301; *see also id*. §§ 13-50-303, -304.

[56] *Id*. § 13-50-102(4).

[57] *Id*. § 13-50-102(3).

[58] Davis Family Lodging cites to a declaration of Candace Davis. Response at 2. This declaration was not attached to Davis Family Lodging's Response and it does not appear in the record.

9

Farm related to hail damage to the Inn,[59] and that the insurance policy is a "Businessowners Policy."[60] There is also nothing in the language of the Southam Roofing assignment suggesting that Southam Roofing is a "residential contractor" or that the Inn is a "residential building."[61]

The record contains no evidence that could give rise to a reasonable inference that Southam Roofing is a "residential contractor" or that the Inn is a "residential building." And the undisputed material facts establish that the Act's requirements for post-loss assignments do not apply to Davis Family Lodging's assignment with Southam Roofing. Therefore, the Southam Roofing assignment is not void for violation of Utah's Insured Homeowners Protection Act.

C. **State Farm's prior consent was not required for Davis Family Lodging's post-loss assignment to Southam Roofing**

Davis Family Lodging argues that its assignment to Southam Roofing is void because State Farm did not consent to the assignment as required under the insurance policy.[62] The policy provides that "[Davis Family Lodging's] rights and duties under this policy may not be transferred without [State Farm's] written consent except in the case of death of an individual Named Insured."[63]

"The question of the assignability of [an insurance] policy is a question of state law."[64] Under Utah law, "the assignability question depends on whether a *loss* has occurred[.]"[65] "[G]eneral stipulations in policies prohibiting assignments thereof except with the consent of the

---

[59] *Supra* Undisputed Material Facts ¶ 2 at 3.

[60] *Id*. ¶ 1 at 2; Renewal Declarations at DEF000001.

[61] *Supra* Undisputed Material Facts ¶ 4 at 3; Davis Deposition at Exhibit G.

[62] Response at 6.

[63] Renewal Declarations at DEF000070.

[64] *In re Baird*, 567 F.3d 1207, 1214 (10th Cir. 2009).

[65] *Id*. (citing *Time Fin. Corp. v. Johnson Trucking Co.*, 458 P.2d 873, 875 (Utah 1969)).

10

insurer apply to assignments before loss only, and do not prevent an assignment after loss[.]"[66] "[T]he obvious reason [for this is] that the clause by its own terms ordinarily prohibits merely the assignment of the policy as distinguished from a claim arising thereunder, and the assignment before loss involves a transfer of a contractual relationship while the assignment after loss is the transfer of a right to a money claim."[67]

"[A]n insurance company is entitled to tailor its [insurance] policy . . . to the risk it perceives to be taking with regard to the insured [and i]t would be inconsistent with that calculus to allow the insured to transfer [the] policy to someone else, whose risk profile might be different."[68] But "[o]nce a loss has occurred and the insurance company is on the hook . . . this concern about assignment is obviated: the insured-against event has already happened, and what is being transferred is not the insurance company's ongoing responsibility for future risks, but the insurance company's liability for the consequences of a past event."[69] Therefore, "under the law of Utah and most other states, non-assignability provisions of [an] insurance contract[] may not be enforced after the event of a covered loss."[70]

The undisputed material facts demonstrate that Davis Family Lodging's assignment to Southam Roofing is a post-loss assignment of claims and benefits.[71] Therefore, the insurance policy's provision requiring State Farm's written consent to an assignment is not enforceable as to the Southam Roofing assignment. State Farm's prior consent was not required for Davis Family Lodging's post-loss assignment to Southam Roofing.

---

[66] *Time Fin. Corp.*, 458 P.2d at 875.

[67] *Id.*

[68] *In re Baird*, 567 F.3d at 1213.

[69] *Id.* at 1214.

[70] *Id.*; *see also Time Fin. Corp.*, 458 P.2d at 875.

[71] *Supra* Undisputed Material Facts ¶¶ 2-4 at 3.

In summary, the undisputed material facts demonstrate that Davis Family Lodging entered a valid assignment of claims and benefits with Southam Roofing prior to commencing the case.[72] Therefore, as a matter of law, Davis Family Lodging does not retain any interest in those claims and benefits and is not a real party in interest.[73] Davis Family Lodging lacks standing to maintain the claims against State Farm in this case because it cannot establish that it "suffered an injury in fact related to the loss . . . or that a favorable decision would redress any injury to [it]."[74]

## II. Remand of the case to state court is mandatory

FED. R. CIV. P. 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."[75] The Tenth Circuit Court of Appeals has recognized that "substitution [under Rule 17] is required only where necessary to prevent a forfeiture or injustice."[76] The inquiry's focus is "primarily on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether [the] mistake was 'honest'), and on whether the defendant was prejudiced thereby."[77]

Davis Family Lodging assigned its claims against State Farm to Southam Roofing on August 4, 2020.[78] Davis Family Lodging then initiated this case less than four months later on

---

[72] *Id*. ¶¶ 4-5 at 2-3.

[73] *Michelson*, 6 Fed. App'x at 716-17; *see also Williams*, 2021 WL 1192947, *2.

[74] *Michelson*, 6 Fed. App'x at 718; *see also Williams*, 2021 WL 112947, *2; *House of Europe Funding I, Ltd.*, 2014 WL 1383703, *16.

[75] FED. R. CIV. P. 17(a)(3).

[76] *Esposito v. United States*, 368 F.3d 1271, 1275 (10th Cir. 2004) (citing FED R. CIV. P. 17 advisory committee's note (1966 Amendment)).

[77] *Id*. at 1276.

[78] *Supra* Undisputed Material Facts ¶ 4 at 3.

12

November 25, 2020.[79] While the court struggles to understand why Davis Family Lodging would initiate suit so soon after assigning its claims, there is nothing in the record to suggest that its mistake was not honest at that point.[80]

However, Davis Family Lodging disclosed the Southam Roofing assignment with its Initial Disclosures on February 24, 2022. Davis Family Lodging's counsel was also present at the June 22, 2021 deposition of Jason Davis, and the July 26, 2021 deposition of Stefanie Roddick, where State Farm inquired about the assignment.[81] And Davis Family Lodging was unquestionably aware of the assignment's implications when State Farm filed its Motion for Summary Judgment on October 11, 2021.

Over 10 months have passed since State Farm filed its Motion for Summary Judgment challenging Davis Family Lodging's standing as the real party in interest. And over nine months have passed since November 8, 2021, when Davis Family Lodging filed its Response. In its Response, Davis Family Lodging asserted that it was actively seeking Southam Roofing's ratification or joinder.[82] Davis Family Lodging indicated that it expected to have an agreement with Southam Roofing to ratify the case or to join in the case by the time of the Response's filing, and that it anticipated receiving ratification within two weeks.[83] Since the filing of its Response, Davis Family Lodging has not filed a notice of Southam Roofing's ratification or a motion to join or substitute Southam Roofing as a plaintiff.

---

[79] *Id*. ¶ 5 at 3.

[80] *Esposito*, 368 F.3d at 1276 (A mistake in failing to name the real party in interest in an initial complaint does not have to be "understandable" to be an "honest mistake.").

[81] Davis Deposition at 33:3-22; Roddick Deposition at 48:15-49:10.

[82] Response at 7-8.

[83] *Id*.

Davis Family Lodging requested reasonable time to obtain Southam Roofing's ratification, joinder, or substitution "so that this catch-22 for [its] claims can be avoided."[84] This so-called "catch-22" is one of Davis Family Lodging's own making. And Davis Family Lodging has had over nine months (conservatively, from the filing of its Response), or more accurately 18 months (through the exercise of reasonable diligence after disclosing the assignment in discovery) to correct its mistake. Yet Davis Family Lodging has not done so. This is not only not understandable, it is "inexplicable and irrational as to raise an inference that it was not an 'honest' mistake."[85]

Davis Family Lodging's failure to correct its mistake has also prejudiced State Farm by necessitating the Motion for Summary Judgment, the reply brief in support of the Motion for Summary Judgment,[86] and all subsequent actions in this case.[87] Fact discovery is now closed;[88] State Farm has filed a motion to exclude Davis Family Lodging's experts;[89] and the trial date has been continued several times based in part on the parties' representations that they are involved in ongoing settlement negotiations.[90] To allow Southam Roofing to be joined or substituted at this point in the litigation, after State Farm has expended significant resources, would prejudice State Farm by having the case effectively start anew "with a different plaintiff and, ineluctably,

---

[84] *Id*. at 6.

[85] *Esposito*, 368 F.3d at 1276-77.

[86] Reply in Support of Defendant's Motion for Summary Judgment, docket no. 24, filed Nov. 17, 2021.

[87] *C.f. Williams*, 2021 WL 112947, *3-4.

[88] *Supra* Undisputed Material Facts ¶ 8 at 4.

[89] Motion to Exclude Matthew Jenson and Stefanie Roddick, docket no. 20, filed Oct. 27, 2021.

[90] Stipulated Motion to Modify Scheduling Order at 1, docket no. 46, filed May 31, 2022; Stipulated Motion to Modify Scheduling Order at 1, docket no. 42, filed Mar. 4, 2022; Stipulated Motion to Modify Scheduling Order at 1, docket no. 40, filed Jan. 7, 2022; Second Stipulated Motion to Modify Scheduling Order at 1, docket no. 29, filed Dec. 9, 2021; Stipulated Motion to Modify Scheduling Order at 1, docket no. 21, filed Oct. 29, 2021.

more litigation of pretrial issues."[91] On the other hand, the claims against State Farm will not be subject to forfeiture because their statute of limitation is three years from the June 6, 2020 date of loss.[92] Therefore, under the circumstances and on this record, it is not appropriate to allow additional time for Southam Roofing's ratification, joinder, or substitution.

Because Davis Family Lodging lacks standing to maintain its claims against State Farm,[93] subject matter jurisdiction is lacking.[94] This would generally lead to a dismissal of the case without prejudice "because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims."[95]

However, this case was removed from state court[96] and is subject to 28 U.S.C. § 1447(c), which provides "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[97] And the Tenth Circuit has held that "[t]he plain language of § 1447(c) gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction."[98] Therefore, this case must be remanded to the state court.[99]

---

[91] *Williams*, 2021 WL 112947, *4.

[92] Utah Code Ann. § 31A-21-313(1)(a); *Supra* Undisputed Material Facts ¶ 3 at 3.

[93] *Supra* Discussion at 5-12.

[94] *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224 (10th Cir. 2012) (The Tenth Circuit Court of Appeals "has repeatedly characterized standing as an element of subject matter jurisdiction."); *Jepson v. Texaco, Inc.*, 68 F.3d 483 (Table), 1995 WL 6070630, *2 (10th Cir. 1995) (unpublished) ("Lack of standing divests the court of subject matter jurisdiction . . . .").

[95] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, (10th Cir. 2006) (emphasis omitted).

[96] Petition for Removal.

[97] 28 U.S.C. § 1447(c).

[98] *Fent v. Oklahoma Water Res. Bd.*, 235 F.3d 553, 557-58 (10th Cir. 2000) (quoting *Roach v. W.Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48-49 (4th Cir. 1996)); *see also Jepson*, 68 F.3d 483 (Table), 1995 WL 6070630, *2-3.

[99] *See Hill*, 702 F.3d 1220, 1224-27 (refusing to reverse the district court's remand order because a dismissal for lack of standing is colorably characterized as a dismissal for lack of subject matter jurisdiction); *Jepson*, 68 F.3d 483 (Table), 1995 WL 6070630, *2-3. This result—a remand to the state court, rather than a dismissal without prejudice for Davis Family Lodging's lack of standing—may seem odd. But the court is bound by the statutory language of

15

## ORDER

IT IS HEREBY ORDERED that because subject matter jurisdiction is lacking, this case is REMANDED to the Seventh Judicial District Court of San Juan County, State of Utah.

Signed September 28, 2022.

BY THE COURT

Jill N. Parrish
United States District Judge

---

28 U.S.C. § 1447(c) and Tenth Circuit Court of Appeals precedent, which interprets that language as mandating a remand when subject matter jurisdiction is lacking.